Argued September 16; reversed September 30, 1941

### IN RE BRAUN'S ESTATE
## STATE LAND BOARD OF OREGON
### *v.* BRAUN ET AL.

(117 P. (2d) 238)

Before Kelly, Chief Justice, and Bailey, Lusk, Rand, Rossman and Brand, Associate Justices.

*Robert G. Clostermann*, of Portland, for appellants.

*Francis Wade*, Assistant Attorney General (I. H. Van Winkle, Attorney General, J. A. Beckwith, of Portland, and Sanderson Reed, of Salem, on the brief), for respondent.

BAILEY, J. The question here involved is whether the record before the court is sufficient to establish the heirship of Sophie Braun, Anna Barbara Bingemer, Karl August Braun and Ernst Braun as sisters and brothers of Fritz Braun, sometimes known as Fred Braun, deceased. From a decree of the circuit court holding that the decedent died intestate and without heirs and ordering that his property escheat to the state of Oregon, these claimants have appealed.

Upon the former appeal in this case, *In re Braun's Estate*, 161 Or. 503, 90 P. (2d) 484, it was held that the record therein presented was "wholly lacking in ad-

missible evidence on the main issue involved," namely the question of heirship; and this court remanded the cause "to the circuit court with permission to those claiming to be heirs to present competent evidence in support of their representations."

After the mandate of this court was entered in the circuit court the latter court issued commissions to certain designated notaries public in Germany to take the testimony of the above-named claimants upon written interrogatories. The commissions to take testimony, to which were attached direct interrogatories submitted by the attorney representing the claimants, were forwarded to the designated notaries public. No cross-interrogatories were submitted by counsel representing the state land board.

There were returned to the clerk of the circuit court purported depositions of Sophie Braun, Karl August Braun and Anna Barbara Bingemer. It was found on examining them that the testimony of Karl August Braun and Anna Barbara Bingemer was not taken before Dr. Ernst Boesebeck, the notary public designated for that purpose, but was taken, according to the recital of the attached certificates, before "Dr. Karl Hans Barz, acting as legal representative for the notary public, Dr. Ernst Boesebeck." Attached to the certificate in each instance is the notarial seal of Dr. Ernst Boesebeck. These two depositions were excluded from evidence by the circuit court.

The deposition of Sophie Braun was taken before the notary public designated by the circuit court and was admitted in evidence. That of Ernst Braun was never received. Upon the representation of counsel for the claimants that this deposition had been taken and forwarded to the clerk of the court by the desig-

nated notary, the hearing was postponed by the circuit court for several months. The failure of the court further to postpone the hearing awaiting receipt of Ernst Braun's deposition was assigned as error by the claimants in their brief. This assignment, however, was expressly abandoned on the oral argument.

■ The depositions of Anna Barbara Bingemer and Karl August Braun were properly excluded by the trial court. They do not purport to have been taken before the designated or any notary public. Our attention has not been directed to any authority which would permit the legal representative of a notary public to act for and on behalf of that officer. Moreover, there is no proof other than his own statement that Dr. Karl Hans Barz was such legal representative of the notary public.

In her deposition Sophie Braun gives the names of her father and mother and the names of all their children, with date and place of birth respectively, showing that all the children were born at Pforzheim, Germany. She names as the living children of her parents the following: Sophie Braun, born July 4, 1871, now residing at Pforzheim; Anna Barbara Bingemer, born March 27, 1876, now residing at Frankfort; Karl August Braun, born May 14, 1880, now residing at Frankfort; and Ernst Braun, born October 7, 1884, now residing at Florsheim. She further lists the names and dates of birth and death of the deceased children of her parents, including Fritz Braun, and states that those who died were unmarried and without children. Concerning Fritz Braun she testifies that her brother Jakob Friedrich Braun was by his family commonly known as and called Fritz Braun; that he left Germany in 1893; that prior to that time she had lived in the same home with him; and that he died July 25, 1937,

at Salem, Oregon. Her knowledge of his death, according to the witness, was obtained from her brother, Karl August Braun, of Frankfort, who is known in the family as August Braun. The deposition of Sophie Braun was the only additional evidence introduced in the circuit court after the cause had been remanded for further proceedings.

In the former opinion in this case it was noted that Portland Trust & Savings Bank of Portland had been appointed guardian of the estate of Fritz Braun, an insane person, and that prior to Braun's death the acting superintendent of Oregon state hospital, where Braun was confined, had given to the bank as such guardian the names and addresses of the supposed heirs of the estate of Fritz Braun. Among the names so given was that of August Braun, brother, residing at Frankfort-on-the-Main, Germany. Shortly after the bank was appointed administrator of the estate of Fritz Braun, deceased, its trust officer in charge of probate matters came upon the above-mentioned letter from the state hospital and on July 28, 1937, wrote to the individuals named in that letter as relatives of Fritz Braun, apprising them of his death.

Under date of August 18 of that year August Braun answered the trust officer's letter, referring to Fritz Braun as his brother and giving the names and addresses of Fritz Braun's brothers and sisters exactly as set forth in Sophie Braun's deposition.

Another letter written by the trust officer was directed, following information received from the state hospital, to Anna Perger, 340 Perger street, Frankfort. In his letter August Braun calls attention to the fact that in the letter sent him his sister Anna and her address were so designated but that her name was

Anna Bingemer and her address was 340 Berger, not Perger, street, in Frankfort, and that he had corrected those errors by his letter of March 15, 1930, to the state hospital. About the time that the trust officer received the letter from August Braun he also received from Anna Bingemer the same information contained in the letter of August Braun.

In its final account, filed July 21, 1938, the administrator set forth that the four claimants herein were the brothers and sisters of the decedent and that they were his only heirs. It was not until after the final account was filed that any controversy arose as to the relationship between the claimants and Fritz Braun, deceased.

■ The testimony of Sophie Braun, taken by deposition, was competent to prove the facts therein stated as to the names, ages and addresses of her brothers and sisters, inasmuch as such testimony was based on family tradition and common reputation in her family: 20 Am. Jur., Evidence, page 409, § 468. We therefore have uncontradicted testimony that Sophie Braun was the sister of one Fritz Braun, who was of the approximate age of the Fritz Braun here involved and who left Germany in 1893; that August Braun who lives at a certain address in Frankfort is her brother; and that this August Braun informed her that their brother Fritz Braun had died in Salem, Oregon, on the date on which occurred the death of the Fritz Braun whose estate is now in controversy.

■ We have in addition the written declarations of both August Braun and Anna Bingemer contained in the letters written by them to the administrator of Fritz Braun's estate, to the effect that the decedent was their brother. In respect to these letters it is well to note that they were written in response to letters from the

administrator received by August Braun and Anna Bingemer, respectively, and were admitted in evidence without any objection as to the identity of the writers. Since these letters were written before the inception of the controversy here before us and the writers thereof resided outside this state, they were admissible as tending to establish the question of relationship between these claimants and the Fritz Braun who died in Salem in 1937; *Garvin v. Western Cooperage Company*, 94 Or. 487, 184 P. 555.

Section 2-209, O. C. L. A., is as follows: "The declaration, act, or omission of a member of a family, who is deceased or out of the state, is also admissible as evidence of common reputation in cases where, on questions of pedigree, such reputation is admissible." Section 2-228, O. C. L. A., in part provides as follows: "In conformity with the preceding provisions, evidence may be given on the trial, of the following facts: * * * (11) Common reputation, existing previous to the controversy, respecting facts of a public or general interest, more than thirty years old, and in cases of pedigree and boundary; * * *"

Identity of person from identity of name is listed as a disputable presumption by subdivision 25 of § 2-407, O. C. L. A. No evidence was introduced to controvert the presumption that the Fritz Braun who died intestate in Salem, Oregon, was the brother of the claimants. In view of this presumption (*State v. Black*, 150 Or. 269, 42 P. (2d) 171, 44 P. (2d) 162) and the direct testimony of Sophie Braun, there was sufficient proof of relationship of August Braun and Anna Bingemer to the decedent to make admissible their declarations to the administrator as those of members of the decedent's family.

■ It is our opinion that the evidence establishes that the claimants are the brothers and sisters and the only heirs of the decedent. The decree of the circuit court is therefore reversed and the cause remanded with instruction to the circuit court to enter a decree to the effect that these claimants are entitled, as heirs, to the estate of Fritz Braun, deceased.

ROSSMAN, J., did not participate in this decision.